J-S09011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM C. WILLIAMS, | |
| Appellant | No. 567 EDA 2016 |

Appeal from the PCRA Order February 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0307231-2000

BEFORE:  SHOGAN, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 13, 2017**

Appellant, William C. Williams, appeals *pro se* from the denial of his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court provided the following relevant factual background:

> On February 11, 2000, at approximately 2:30 p.m. in response to information being broadcasted by police radio of a stolen 2000 Mercedes that was being tracked by a Global Tracking System, . . . Police Officer Thomas Schaffer . . . informed police radio he was responding to the [Philadelphia] area of Adams Ave. & Roosevelt Blvd., which was the last position of the stolen vehicle given by police radio. Officer Schafer approached the intersection of

_____

[*]  Retired Senior Judge assigned to the Superior Court.

Whitaker Ave. and Wyoming Ave. He observed a black Mercedes pulling up to the intersection traveling south on Whitaker Ave. The officer informed police radio that he had a vehicle fitting the description and of his location. At this point the black Mercedes, which was being operated by a black man, began to back up at a high rate of speed from Wyoming Ave. to the intersection of Whitaker and Louden St. (one block). The officer activated his emergency dome lights while traveling north in the northbound lanes of Whitaker Ave. at the intersection of Whitaker and Louden. The Mercedes, with tires smoking, executed a 180 degree turn. The officer exited his patrol car and got to within five feet from the Mercedes before the Mercedes sped off west on Louden St. The officer informed police radio of the location and direction of the Mercedes . . . . The officer observed it disregarding the stop sign at Louden St. and Bingham St. . . . The officer began traveling westbound on Louden St. The Mercedes was no longer in the officer's view. The officer turned off his emergency dome lights and continued westbound on Louden St. As the officer approached D St. he observed that the Mercedes had been involved in an auto accident with a Plymouth Neon ..., which was on the southbound corner of the intersection on the sidewalk. The Mercedes was stopped on Louden St. west of the intersection facing east with a black male with orange hair behind the steering wheel.

Police Officers Purfield and Lynch pulled up to the scene and approached the Mercedes, taking the operator into custody. The operator of the Mercedes was later identified as [Appellant]. The operator of the Plymouth Neon was pronounced dead at the scene. The passenger of the Plymouth Neon sustained a broken pelvis and fractured skull. . . . A witness observed the Mercedes traveling westbound on Louden St. at a high rate of speed and disregarding the stop sign as it entered the intersection where it contacted the Plymouth.

*Commonwealth v. Williams*, 859 A.2d 838, 2484 EDA 2003, (Pa. Super. filed July 8, 2004) (unpublished memorandum at 2-3) (quoting Trial Court Opinion, 10/14/03, at 1-3).

The PCRA court set forth the procedural history as follows:

On April 17, 2001, [Appellant] was found guilty after a jury trial, presided over by the Honorable John Poserina, Jr., of Third Degree Murder, 18 Pa.C.S. § 2502(c), as a felony of the first degree; Homicide by Vehicle, 75 Pa.C.S. § 3731, as a felony of the first degree; Involuntary Manslaughter, 18 Pa.C.S. § 2504, as a felony of the first degree; Aggravated Assault, 18 Pa.C.S. § 2702, as a felony of the first degree; Receiving Stolen Property, 18 Pa.C.S. § 3925, as a felony of the third degree; Causing an Accident While Not Properly Licensed, 75 Pa.C.S. § 3742.1, as a felony of the third degree; and Fleeing or Attempting to Elude a Police Officer, 75 Pa.C.S. § 3733, as a misdemeanor of the second degree.

[Appellant] was sentenced to fifteen (15) to thirty (30) years for the third degree murder of Ralph Morales; four (4) to eight (8) years for the aggravated assault of Daniel Andre, to run consecutively; one (1) to two (2) years for the theft conviction, to run consecutively; one (1) to two (2) years for the causing an accident while not properly licensed conviction, to run consecutively; one (1) to two (2) years for the fleeing or attempting to elude a police officer, to run consecutively; the homicide by vehicle and involuntary manslaughter convictions merged for purposes of sentencing. [Appellant] received an aggregate sentence of twenty-two (22) to forty-four (44) years.

On November 17, 2003, the Superior Court affirmed the judgment of sentence.

On February 24, 2005, the Supreme Court denied his petition for allowance of appeal.

On April 27, 2005, [Appellant] filed a Post Conviction Relief Act (PCRA) petition.

On October 1, 2009, the PCRA Court denied his petition.

On November 17, 2010, the Superior Court affirmed. On July 12, 2011, the Supreme Court denied his petition for allowance of appeal.

On July 19, 2011, [Appellant] filed a second PCRA petition.

On June 20, 2013, the Superior Court affirmed.

On March 2, 2015, [Appellant] filed the instant PCRA petition, his third.

On December 30, 2015, the Commonwealth filed a motion to dismiss.

On January 6, 2016, the Court issued a 907 notice.

On January 11, 2016, [Appellant] filed a response to the 907 notice.

On February 8, 2016, the Court formally dismissed [Appellant's] third PCRA petition.

On February 16, 2016, [Appellant] filed the instant appeal to the Superior Court.

PCRA Court Opinion, 4/12/16, at 1-2. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues, which we reproduce *verbatim*:

1. Whether the PCRA Court erred in not invoking Jurisdiction and granting this petitioner a new sentence as to the fleeing or attempting to allude police conviction/sentence because of its' illegality of being above the maximum sentence?

2. Whether the PCRA Court erred in not invoking jurisdiction and granting this petitioner a new trial as to the aggravated assault conviction due to trial counsel ineffectiveness by failing to object to The Commonwealth submitting Mr. Daniel Andre medical records into evidence and for eliciting hearsay inculpatory testimony/evidence establishing the serious bodily injury

- 4 -

element without bring in Mr. Danny Andre medical doctor to be confronted by this petitioner, both violating this petitioner federal and state constitutional rights under the confrontation clause,since this was the earliest opportunity to bring this issue to the court and this issue is a clear violation of watershed procedural rules effecting the fundamental fairness and accuracy of the proceedings?

3. Whether The PCRA Court erred in not invoking jurisdiction and grant this petitioner duplicate time credit of one(1) year, four(4) months, and sixteen(16) days toward his five related charges, since this petitioner filed this claim pursuant to the second and third exception to the Pennsylvania statutory time limitation?

Appellant's Brief at 6.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Initially, we must address whether this appeal is properly before us. The PCRA court dismissed Appellant's petition as untimely. PCRA Court Opinion, 4/12/16, at 8. "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted). Moreover, the timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the

merits of the claims raised in a PCRA petition that is untimely. *Commonwealth v. Cintora*, 69 A.3d 759, 762 (Pa. Super. 2013). "Whether [a petitioner] has carried his burden is a threshold inquiry prior to considering the merits of any claim." *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013).

In order to be considered timely, a first, or any subsequent PCRA petition, must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1] A petition invoking one of

_____

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

*(Footnote Continued Next Page)*

- 6 -

these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Our review of the record reflects that Appellant's judgment of sentence became final on May 25, 2005, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and the time in which to petition for a writ of *certiorari* in the United States Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); U.S. Sup.Ct. Rule 13. Therefore, Appellant had until May 25, 2006, in which to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1). Herein, Appellant's petition was filed on March 2, 2015. Thus, the instant PCRA petition is patently untimely, and Appellant is constrained to establish that one of the aforementioned exceptions to the PCRA time bar applies.

*(Footnote Continued)* ─────────────

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

While inartfully drafted, we can glean from Appellant's brief that he is attempting to satisfy the PCRA's timeliness requirements by claiming as follows: his sentence was illegal; his trial counsel was ineffective; and the United Supreme Court decision in **Montgomery v. Louisiana**, ___ U.S. ___, 136 S.Ct. 718 (2016), applies to his case.[2]  Appellant's Brief at 10, 13, and 22.  We conclude that none of these arguments establishes an exception to the timeliness requirements of the PCRA.

First, Appellant argues that his sentence was illegal.  It is well settled that while the legality of a sentence is cognizable under the PCRA, the claim must be raised in a timely PCRA petition.  **Commonwealth v. Jackson**, 30 A.3d 516, 522 (Pa. Super. 2011); **see also Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (holding that claims challenging the legality of a sentence are subject to review within PCRA, but they must first satisfy the PCRA's time limits).  Because Appellant's PCRA petition was untimely and no exception to the time requirements applies, the PCRA court was without jurisdiction to address this issue.  Therefore, no relief is due.

Next, Appellant argues that trial counsel was ineffective for failing to object to the admissibility of certain evidence at trial.  However, our

---

[2]  In **Montgomery**, the United States Supreme Court opined that **Miller v. Alabama**, ___ U.S. ___, 132 S.Ct. 2455 (2012), was to be applied retroactively; the **Miller** Court held that a mandatory sentence of life in prison without parole for individuals under the age of eighteen when they committed their crimes violates the Eighth Amendment.

Supreme Court has explained that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA. **Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005); **see also Commonwealth v. Lark**, 560 Pa. 487, 746 A.2d 585, 589 (2000) (holding that an allegation of ineffectiveness is not sufficient justification to overcome an otherwise untimely PCRA petition). Accordingly, Appellant's claim of prior counsel's ineffective assistance does not provide him relief from the fact that his PCRA petition was untimely.

Next, Appellant avers that he was not afforded proper credit for time served, and he alleges that the United States Supreme Court's decisions in **Montgomery** and **Miller** provide relief. First, we note that Appellant was twenty-seven years old at the time of the aforementioned crimes. Thus, Appellant was over the age of eighteen when he committed the crimes, and the holding in **Miller** is inapplicable. Moreover, Appellant was not sentenced to a term of life in prison without the possibility of parole. We conclude that this issue is meritless.

Finally, in regard to the argument pertaining to credit for time served, this claim implicates the legality of Appellant's sentence. **Commonwealth v. Wyatt**, 115 A.3d 876, 879 (Pa. Super. 2015). As discussed above, while the legality of a sentence is cognizable under the PCRA, the issue must be raised in a timely PCRA petition. **Jackson**, 30 A.3d at 522. Again, because Appellant's petition is untimely and no exceptions apply, the PCRA court had

no jurisdiction to address this claim of error. Appellant is entitled to no relief.

In conclusion, as Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court correctly determined that it lacked jurisdiction to address the claims presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/2017